UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Mario Alberto Garcia-Balderas,    )    Civil Action No. 6:20-3781-BHH
   )
                  Petitioner,  )
     v.                     )
   )    **ORDER AND OPINION**
   )
Bryan Dobbs,             )
   )
                Respondent. )
_____)

     Petitioner Mario Alberto Garcia-Balderas ("Petitioner") filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., the action was referred to United States Magistrate Judge Kevin F. McDonald, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge McDonald recommends that the § 2241 petition be dismissed without prejudice and without requiring Respondent Bryan Dobbs ("Respondent") to file an answer or return. (ECF No. 13.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.[1]

## BACKGROUND

     In this § 2241 action, Petitioner, a federal inmate at FCI Williamsburg, challenges his conviction and sentence for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). (ECF No. 1.) Petitioner has previously made direct and collateral challenges to his federal conviction and sentence, most recently resulting in Petitioner

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exists there.

voluntarily withdrawing a § 2255 motion by conceding that he did not meet the requirements for filing a second or successive motion. (*See* ECF No. 13 at 2–3 (detailing the procedural history of Petitioner's previous challenges).) After conducting an initial review, the Magistrate Judge issued the instant Report recommending that the petition be dismissed without prejudice and without requiring Respondent to file an answer or return. (*Id.* at 1, 4, 9.) Petitioner timely filed objections (ECF No. 17) to the Report. The Court has reviewed those objections, but finds them to be without merit; therefore, it will enter judgment accordingly.

## <u>STANDARD OF REVIEW</u>

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the Court reviews the Magistrate's conclusions only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). On January 21, 2021, Petitioner filed specific objections (ECF No. 17), and the Court has thus conducted the requisite *de novo* review.

2

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[2] *In re Vial*, 115 F.3d at 1194. "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion[.]" *Id.* at n.5.

The Fourth Circuit has identified specific circumstances when a federal prisoner may use a § 2241 petition to contest his conviction pursuant to the savings clause. Specifically, § 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). As to challenges to a federal

---

[2] The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

sentence, the Fourth Circuit has set forth the following factors to demonstrate that §

2255 is inadequate and ineffective:

> (1) at the time of the sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*U.S. v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The savings clause is a

jurisdictional provision; if a petitioner cannot satisfy the savings clause, the district court

lacks jurisdiction to consider the petition. *Id.* at 423.

The Magistrate Judge first found that Petitioner's allegations do not satisfy the *In*

*re Jones* requirements because there is no indication that the conduct for which

Petitioner was convicted is no longer criminal due to a change in the law. (ECF No. 13

at 6.) Petitioner asserts, both in his § 2241 petition and in his objections, that his felon-

in-possession conviction is no longer valid after the U.S. Supreme Court's decision in

*Rehaif v. United States*, 139 S.Ct. 2191 (2019), because being "a felon in possession of

a firearm is only criminal if the defendant knew he belonged to the relevant category of

persons barred from possessing [a] firearm, and without proof of that knowledge of

prohibited status, there could be no valid conviction under [§] 922(g)." (ECF No. 17 at

2.) Petitioner argues that the conduct of which he was convicted is no longer criminal

because his "conviction rest[s] solely upon the fact that he was a felon in mere

possession of a firearm, the government never proved to the jury that petitioner knew he

belonged to [a] category of persons barred from possessing a firearm, nor did the court

instruct the jury on the knowledge of status element." (*Id.*) The objection is clever, but

incorrect. The doctrinal change worked by *Rehaif* regarding a clarification in the elements of proof for § 922(g) convictions did not render the conduct of which Petitioner was convicted no longer criminal. Magistrate Judge McDonald was correct to conclude that Petitioner's allegations do not satisfy the second prong of *In re Jones*, and the objection is overruled.

The Magistrate Judge next concluded that Petitioner's stipulation with respect to his status as a convicted felon, as well as his criminal history, are fatal to his theory of relief premised on *Rehaif*. (ECF No. 13 at 6–7.) The stipulation stated: "The parties have agreed to stipulate that on or about June 22nd, 2000, the Defendant in this case, Mario Alberto Garcia-Balderas, was convicted in a court of a crime punishable by imprisonment for a term exceeding one year." (*Id.* at 6.) Transcripts from Petitioner's sentencing hearings note that, prior to the 2015 conviction at issue here, Petitioner had an unlawful carry of a weapon charge from 1993, a charge for knowingly possessing a firearm in 1999, and a third charge for being a felon in possession of a weapon for which the petitioner received a forty-six month sentence. (*Id.*) Petitioner objects by arguing, "Contrary to the Magistrate's contention, petitioner[']s stipulation only established that he was a convicted felon, which satisf[ies] one element of [§] 922(g). However, the stipulation does not satisfy the element of whether petitioner knew he was barred from possessing a firearm, a second element under [§] 922(g)." (ECF No. 17 at 3.) The objection is misguided. The presence of the stipulation in the underlying trial record demonstrates that at the time Petitioner was prosecuted, he challenged neither the *fact* of his status as a prior convicted felon, nor that he had *knowledge* of that status. *Rehaif* had not yet been decided in 2015, and the subsequently understood requirement

of separate proof as to knowledge of one's status as a convicted felon was not germane at the time Petitioner entered into the stipulation. Moreover, there can be little doubt that Petitioner was aware of his status as a felon in 2015, given that when he unlawfully possessed the firearm at issue, forming the substance of the instant § 922(g) conviction, he had already been convicted for a felon-in-possession offense and sentenced to well over one year in confinement. The objection is overruled.

Finally, Magistrate Judge McDonald found that the § 2241 petition's challenge regarding Petitioner's sentence cannot satisfy the *Wheeler* test because, although *Rehaif* was decided after Petitioner's first appeal and first § 2255 motion, *Rehaif* has not been held to be retroactive on collateral review by the sentencing circuit. (ECF No. 13 at 7–9.) Petitioner objects by arguing, "Whether held to be retroactive or not, the Supreme Court has established precedent by which lower courts can independently make a determination as to whether retroactivity application is appropriate in a particular case." (ECF No. 17 at 4 (citing *Whorton v. Bockting*, 549 U.S. 406 (2007)).) *Whorton* offers Petitioner no assistance; in that case the Supreme Court held that the Court's prior *Crawford* decision, which overruled a prior Supreme Court case governing admission of hearsay statements in criminal trials over a Confrontation Clause objection, *did not* announce a "watershed rule" of criminal procedure, such as could be applied retroactively on collateral review. *See* 549 U.S. at 421. Suffice it to say, the objection reveals no error in the Magistrate Judge's reasoning or conclusions; there is still no indication that the Fifth Circuit has held *Rehaif* to be retroactive on collateral review. The objection is overruled.

In the interim since Petitioner filed his objections, the Supreme Court decided

*Greer v. United States*, which held that the defendants were not entitled to plain-error relief for their unpreserved *Rehaif* claims. 141 S. Ct. 2090, 2096 (2021). The *Greer* court stated that for the substantial-rights prong of plain-error review[3] in the context of a claim that jury instructions or a plea colloquy failed to include the *mens rea* element of a felon-in-possession conviction—namely, that the defendant knew he was a felon when he possessed the firearm—the defendant must, on appeal, make the argument or representation that he would have presented evidence in district court that he did not in fact know he was a felon. *Id.* at 2097. The court further held that when determining whether the substantial-rights prong has been satisfied, the reviewing court can examine relevant and reliable information from the entire record, including information contained in a presentence investigation report ("PSR"). *Id.* at 2098. Thus, even if this Court could consider Petitioner's freestanding *Rehaif* claim, which it has no jurisdiction to do under the savings clause tests set forth in *In re Jones* and *Wheeler*, the result in *Greer* shows that Petitioner has no credible avenue of relief because he had already been convicted of being a felon in possession and sentenced to forty-six months when he committed the instant felon in possession offense. In other words, Petitioner cannot credibly assert that he did not know he was a felon and would have presented evidence to support that assertion.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates herein the Magistrate Judge's Report. Petitioner's § 2241 petition is DISMISSED without prejudice and without

---

[3] Federal Rule of Criminal Procedure 52(b) provides: "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."

requiring Respondent to file a return.

       **IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

August 12, 2022
Greenville, South Carolina